[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
QUALIFIED DOMESTIC RELATIONS ORDER BY THE COURT. CT Page 1198
The Court hereby enters its order as of the date hereof and orders transfer of the Defendant's pension/retirement plan under the Retirement Equity Act of 1984 under this Order.
The Alternative Payee will receive payments from the Participant's United Technologies Corporation (UTC) Retirement Plan pursuant to the Participant's assignment of benefits to the Alternate Payee, in compliance with Section 401(a), and 414(p) of the Internal Revenue Code of 1986, amended, as follows:
1. The Participant is Noel E. Fricke, 50 Fox Den Rd., West Simsbury, CT. Payee is Susan H. Fricke, 44 Old Mill Court, Simsbury, CT. The Alternate Payee and the Participant were married on February 29, 1972.
2. The Participant assigns to the Alternate Payee a portion of benefits from the Participant's benefits from the UTC Retirement Plan, and any successor or transferee plan will pay benefits to the Alternate Payee as provided in this Order.
3. The UTC Retirement Plan from which benefits are assigned under Paragraph 2 above will pay ____ percent of the present value of the Participant's monthly benefits of $2,885.00 to the Alternate Payee.
4. The Plan will pay to the Alternate Payee benefits in accordance with the terms of the Plan; in the alternative, full distribution of benefits may be made at any time upon the Agreement and consent of the Plan Administrator and Alternate Payee. Payment of benefits as provided herein is to be made to the Alternate Payee.
5. The benefits payable to the Alternate Payee will commence at the earliest date provided by the plan or by law.
6. This assignment of benefits does not require the Plan to provide any type or form of benefit, or any option, not otherwise provided under the Plan. This assignment does not require the Plan to provide increased benefits determined on the basis of actuarial value. This assignment does not require the Plan to provide benefits to the Alternate Payee under another order previously determined to be a Qualified Domestic Relations Order.
7. The Participant, the Alternate Payee, and the Court intend this order to be a Qualified Domestic Relations Order as defined in Section 414(p) of the Internal Revenue Code of 1986, as amended.
8. This order is issued pursuant to Connecticut General CT Page 1199 statutes Sections 46b-81, 82, and 84, which relate to the provision of child support, alimony payments, or marital property rights, as defined therein between spouses in actions for divorce.
9. Provision for Alternate Payee to Designate Beneficiary. The Alternate Payee shall be able to designate any beneficiary with respect to her savings benefits as provided herein in accordance with the options of the Plan.
10. It is intended that this Order will qualify as a Qualified Domestic Relations Order under the Retirement Equity Act of 1984, and provisions hereof are to be administered and interpreted in conformity with such Act.
The parties agree that their mutual intent is to provide the Alternate Payee with a savings payment that fairly represents a marital share of the retirement benefit as defined in Paragraph 3.
The Court retains jurisdiction to amend this Order only for purposes of establishing or maintaining its qualifications as a Qualified Domestic Relations Order under the Retirement Equity Act of 1984; provided that no amendment of this Order is to require the Plan to provide any type or form of benefit, or any option, not otherwise provided under said plan.
BY THE COURT